IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD ARLEIGH NOBLE, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:18-cv-1348-M (BT) |
| § | |
| LORIE DAVIS, *Director,* TDCJ-CID § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Reginald Noble, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should transfer the petition to the Fifth Circuit Court of Appeals as successive.

I.

Petitioner challenges his conviction and life sentence for aggravated sexual assault of a child. *State v. Noble*, No. F00-50025-UK (Crim. Dist. Ct. No. 4, Dallas County, Tex., Dec. 16, 2000), *aff'd*, No. 08-01-00035-CR, 2002 WL 221886 (Tex. App. – El Paso Feb. 14, 2002, pet. ref'd). Petitioner unsuccessfully challenged his conviction through state and federal habeas

1

corpus proceedings. *See Noble v. Quarterman*, No. 3:05-cv-234-D, 2007 WL 2219445 (N.D. Tex. Jul. 31, 2007) (denying habeas petition as time-barred), *COA denied*, No. 07-10912 (5th Cir. Jul. 2, 2008); *Noble v. Davis*, No.17-cv-2990-B (N.D. Tex. Oct. 30, 2017) (transferring petition to the Fifth Circuit as successive), *appeal dism'd*, No. 18-10167 (5th Cir. Apr. 24, 2018).

On March 8, 2018, Petitioner filed the instant § 2254 petition. He argues he is actually innocent because the indictment was void, and he received ineffective assistance of counsel.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before

Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed June 29, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).